# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS LOCAL 2, and FRANK CHRISTENSEN, Business Manager, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, <br><br> Defendant. | No. 10 C 1935 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

The International Union of Elevator Constructors Local 2 ("Union") and Frank Christensen ("Christensen") (collectively, "Plaintiffs") bring this action under the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552 *et seq.*, seeking documents from the United States Department of Labor ("Department of Labor"). (R. 1, Compl. ¶ 1.) While the Department of Labor has released some publicly available responsive documents to Plaintiffs' FOIA request, it invoked FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), to withhold over 4,000 pages of responsive documents. (R. 1, Compl., Ex. H at 2.) The Union filed this suit to challenge the Department of Labor's withholdings under Exemption 7(A), which applies when the production of information compiled for law enforcement purposes could reasonably be expected to interfere with enforcement proceedings. 5 U.S.C. § 552(b)(7)(A). Plaintiffs now move for an order compelling the Department of Labor to prepare a *Vaughn* index detailing the withheld documents. (R. 15, Pls.' Mot. For Order Requiring Vaughn Index ("Pls.' Mot.").) For

1

the reasons stated below, the motion is denied.

## BACKGROUND

On July 18, 2008, the business manager for the Union, Frank Christensen, mailed a FOIA request to the director of the Office of Labor-Management Standards ("OLMS")[1] seeking 15 categories of documents related to the Union and civil investigations of the Union conducted by OLMS from the period of January 1, 2005 to the present. (R. 15, Pls.' Mot., Ex. A.) After receiving no response from OLMS, Plaintiffs filed suit, No. 09-cv-0326 (hereinafter "prior suit"), in this Court on January 19, 2009. (R. 11, Joint Initial Status Report ("Status Report") at 1.) On February 18, 2009, the Department of Labor responded to Plaintiffs' FOIA request, refusing to disclose any documents and asserting Exemption 7(A). (R. 1, Compl., Ex. D.)

The parties subsequently reached a settlement. (R. 11, Status Report at 1.) The Department of Labor agreed to provide all publicly available responsive documents to Plaintiffs, and the suit was dismissed without prejudice on September 29, 2009.[2] (*Id.*) Pursuant to the settlement agreement, the Department of Labor provided a supplemental FOIA response and released 190 pages of publicly available documents to Plaintiffs on October 2, 2009. (*Id.*) The Department of Labor reasserted FOIA Exemption 7(A) and withheld the remaining responsive documents, consisting of over 4,000 pages. (R. 1, Compl., Ex. H at 2.) The withheld records

---

[1] OLMS is an office within the Department of Labor, and thus "OLMS" and "Department of Labor" are used interchangeably in this opinion.

[2] The Department of Labor also agreed to provide Plaintiffs with a renewed right to appeal the Department of Labor's February 18, 2009 FOIA response, the time period for which had previously expired. (R. 11, Status Report at 1.)

2

consisted of "investigator notes; memoranda discussing the case;[3] correspondence with information from third parties; agency notes on public documents; witness statements and citations and other agency decisions." (R. 19, Def.'s Mem. in Opp'n to Pls.' Mot., Ex. B.) On October 16, 2009, Plaintiffs appealed the denial of the remaining documents to the Solicitor of Labor. (R.1, Compl., Ex. F.)

After the Department of Labor did not respond to their FOIA appeal within 20 days, Plaintiffs filed a motion to reinstate the prior suit in this Court on January 13, 2010. (R. 11, Status Report at 2.) The Court entered and continued the motion to reinstate. (*Id.*) On January 22, 2010, the Court ordered the Department of Labor to produce the documents requested under FOIA or to file an affidavit explaining why the documents were being withheld. (*Id.*) On January 25, 2010, the Department of Labor denied Plaintiffs' appeal, again invoking FOIA Exemption 7(A). (R. 1, Compl. Ex., H.) This denial constituted final agency action for the purposes of judicial review. (*Id.*) The Court permitted the Department of Labor to file an affidavit explaining why the remaining records were being withheld, and the Department of Labor filed its affidavit on March 31, 2010.[4] (R. 11, Status Report at 2.)

Plaintiffs filed the complaint in this case on March 26, 2010 in order to preserve the

---

[3] The "case" refers to the investigations conducted by the OLMS Chicago District Office on Elevator Constructors Local 2 from the period of January 1, 2005 to the present. (R. 19, Def.'s Mem. in Opp'n to Pls.' Mot., Ex. B.)

[4] The affidavit did not provide further details regarding the Department of Labor's justification for invoking Exemption 7(A) because, according to the affidavit, Plaintiffs' attorney stated that "he did not need an affidavit because he had the DOL's January 25, 2010, response to Plaintiffs' FOIA appeal." (R. 1, Compl., Ex. I ¶ 13.)

3

statute of limitations with respect to the Department of Labor's denial of Plaintiffs' appeal.[5] (*Id.*)

On May 19, 2010, Plaintiffs filed this motion requesting an order compelling the Department of Labor to prepare a *Vaughn* index. (R. 15, Pls.' Mot.) Specifically, Plaintiffs seek an order requiring the Department of Labor to compile a *Vaughn* index that comprehensively lists and describes each withheld document and cross-references the withheld documents with the FOIA exemption asserted by the Department of Labor. (*Id.* ¶ 14.) Additionally, Plaintiffs request that the Court order the Department of Labor to provide a declaration from an appropriate person in support of the index. (*Id.*) Finally, Plaintiffs ask that the order state that the Court may entertain Plaintiffs' motion for an *in camera* inspection of the withheld documents, or that the Court may *sua sponte* ask to review the withheld documents *in camera*. (*Id.*) In opposing Plaintiffs' motion, the Department of Labor argues that a *Vaughn* index is premature at this procedural stage and inapposite as a *Vaughn* index is not required in FOIA cases in which FOIA Exemption 7(A) is invoked. (R. 19, Def.'s Mem. in Opp'n to Pls.' Mot. at 1.)

## DISCUSSION

### I. The *Vaughn* Index

The Freedom of Information Act generally envisions a policy favoring broad disclosure of federal agency records. *See Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). At the same time, however, the Act also contemplates that certain government documents should not be subject to public disclosure, and Congress included nine exemptions from its disclosure requirements. *See*

---

[5] The Court subsequently denied Plaintiffs' motion to reopen the prior suit, holding that it was moot due to the filing of the complaint in this case. (R. 11, Status Report at 2.)

4

5 U.S.C. § 552(b). When invoking an exemption, the government bears the burden of justifying its withholding of the information. *Id.* at § 552(a)(4)(B). The district court must determine *de novo* whether the government has satisfied its burden.[6] *Id.* In doing so, the court must give "meaningful reach and application" to the exemptions while also taking care to construe them narrowly, given the Act's general policy of disclosure. *Solar Sources*, 142 F.3d at 1037 (internal citations omitted). Because FOIA cases usually involve only a dispute over how the law is applied to the withheld records, rather than any factual dispute, whether the government is justified in invoking an exemption is typically decided at the summary judgment phase.[7] *See id.* at 1036; *Wright v. OSHA*, 822 F.2d 642, 644 (7th Cir. 1987).

Freedom of Information Act litigation creates unique challenges for courts, and the concept of the "*Vaughn* index" developed in response to those challenges. *Vaughn v. Rosen*, 484 F.2d 820, 824-26 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Specifically, the court in *Vaughn* was concerned by the information asymmetry between the party seeking disclosure and the government agency claiming an exemption. *Id.* at 823-24. Such an imbalance, the court believed, "seriously distorts the traditional adversary nature of our legal system's form of dispute resolution." *Id.* at 824-25 ("Ordinarily, the facts relevant to a dispute are more or less equally available to adverse parties. In a case arising under the FOIA this is not true . . . and hence the

---

[6] The Court notes that this ruling pertains only to the Plaintiffs' Motion for Order Requiring *Vaughn* Index, and does not address the question of whether the Department of Labor has met its burden as required under 5 U.S.C. § 552(a)(4)(B) to assert Exemption 7(A).

[7] The proof necessary for the government to meet its burden depends on the exemption invoked, and the burden specific to Exemption 7(A), the exemption claimed here, is discussed in the next section.

5

typical process of dispute resolution is impossible.").

When faced with this dilemma in FOIA litigation, some courts inspect the disputed documents *in camera* to determine whether the government agency has properly invoked an exemption. *See Solar Sources*, 142 F.3d at 1035. As Plaintiffs argue in their brief, however, such an examination can prove burdensome, and does not enable the party seeking disclosure to effectively advocate for disclosure. Thus, *Vaughn* indexes are used as an attempt to rectify the imbalance that exists in FOIA cases by providing a detailed justification for each withheld document. *Vaughn*, 484 F.2d at 826. In its most common form, a *Vaughn* index is a "comprehensive listing of each withheld document cross-referenced with the FOIA exemption that the Government asserts is applicable." *Solar Sources*, 142 F.3d at 1037 n.3 (citations omitted). Specifically, "[i]n preparing a *Vaughn* Index, an agency must list the title of the document or category of documents, the date of the document, the author and recipient(s), a detailed factual description of the document, and the statutory exemption the agency is claiming to support nondisclosure." *Becker v. I.R.S.*, 34 F.3d 398, 401 n.9 (7th Cir. 1994). While courts frequently use a *Vaughn* index as a tool to address the adversarial deficiencies in FOIA litigation, an index is not required in every case. As discussed in the next section, Exemption 7(A)–the exemption asserted by the Department of Labor in this case–has generally been treated differently by courts when determining the appropriateness of compelling the production of a *Vaughn* index.[8]

---

[8] For this reason, Plaintiffs' use of *Vaughn* (government claiming FOIA Exemptions 2, 5, and 6) and *Kozacky & Weitzel, P.C. v. I.R.S.*, No. 07-CV-02246, 2008 WL 2188457 (N.D. Ill. Apr. 10, 2008) (government claiming FOIA Exemption 3) is unpersuasive.

6

## II.     Exemption 7(A) and *Vaughn* Indexes

In this case, the Department of Labor claims the withheld documents fall under Exemption 7(A). Exemption 7(A) exempts from production "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7). In *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978), the Supreme Court addressed the distinguishing characteristics of Exemption 7(A), and the burden the government must bear when invoking it. When claiming an exemption under 7(A), the government need show only "that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.'" *Robbins Tire*, 437 U.S. at 236.[9] Thus, with Exemption 7(A), "[i]t is accordingly well-established that the Government may justify its withholdings by reference to generic categories of documents, rather than document-by-document." *Solar Sources*, 142 F.3d at 1038 (citations omitted); *see also Kacilauskas v. Dep't of Justice*, 565 F. Supp. 546, 548 (N.D. Ill. 1983) ("*Robbins* [] declared the Exemption 7(A) inquiry could be undertaking on a generic basis, obviating any need to examine individual documents or to predict the actual impact of disclosure on the specific proceeding at hand.") (citations omitted).

Given this categorical approach, when the exemption claimed by the government is

---

[9] Although *Robbins Tire* was decided under a prior version of 5 U.S.C. § 552(b)(7)(A), the amended language has been interpreted to be at least as broad as that discussed in *Robbins Tire*. *See Wright*, 822 F.2d at 647 (citing *Allen v. Dep't of Def.*, 658 F. Supp. 15, 23 (D.D.C. 1986)).

Exemption 7(A), a detailed *Vaughn* index "is generally not required . . ." *Wright*, 822 F.2d at 646 (citations omitted). In fact, "[a] *Vaughn* index requirement in a 7(A) case would make little sense: 'When . . . a claimed FOIA exemption consists of a generic exclusion, dependent upon the category of records rather than the subject matter which each individual record contains, resort to a *Vaughn* index is futile." *Solar Sources*, 142 F.3d at 1040 (quoting *Church of Scientology v. I.R.S.*, 792 F.2d 146, 152 (D.C. Cir. 1986) (Scalia, J.)); *see also In re Dep't of Justice*, 999 F.2d 1302 (8th Cir. 1993) (*en banc*) (issuing a writ of mandamus, vacating the district court's order directing the production of a *Vaughn* index, and remanding for further proceedings in a case in which the government invoked Exemption 7(A)); *Lewis v. I.R.S.*, 823 F.2d 375, 380 (9th Cir. 1987) (affirming district court's denial of a *Vaughn* index in a case in which Exemption 7(A) applied). Instead, an "agency need only provide sufficient information to allow a court to review the agency's claimed exemption." *Wright*, 822 F.2d at 646. This can generally be accomplished through sufficiently detailed affidavits or declarations. *See Bassiouni v. CIA*, 248 F. Supp. 2d 795, 796 (N.D. Ill. 2003) (citations omitted).

Thus, Plaintiffs' request that the Court order the Department of Labor "to provide a comprehensive listing describing each withheld document and to cross-reference all of the withheld documents with the FOIA exemption asserted by the Department of Labor . . .," (R. 15, Pls.' Mot. ¶ 6), does not accord with what is required of the Department of Labor under *Robbins Tire*. This is especially true at this stage of the litigation, where the Department of Labor has not yet provided the Court with detailed documentation in support of its invocation of Exemption 7(A). *See Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind to obtain a *Vaughn* Index . . . is inappropriate until the government has first

8

had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.").

Compelling the production of a *Vaughn* index could also effectively defeat the very purpose of Exemption 7(A). In enacting Exemption 7(A), "Congress recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it came time to present their case." *Robbins Tire*, 437 U.S. at 224. The Department of Labor argues that providing Plaintiffs with a detailed *Vaughn* index would "aid plaintiffs in discovering the exact nature of the documents supporting the Department of Labor's case against them earlier than they otherwise would or should."[10] (R. 19, Def.'s Mem. in Opp'n to Pls.' Mot. at 1.) The Court shares the concern that production of a *Vaughn* index at this time could compromise the Department of Labor's pending investigation. *See, e.g., Solar Sources*, 142 F.3d at 1040 ("[I]n many Exemption 7(A) cases, provision of a *Vaughn* index would itself disclose much of the information that the Exemption is intended to protect."); *Curran v. Dep't of Justice*, 813 F.2d 473, 475 (1st Cir. 1987)

---

[10] Plaintiffs, on the other hand, argue that an additional rationale for the *Vaughn* index is that they suspect that the Department of Labor does not have any documents to produce with respect to some categories of requested documents, and want to avoid "engag[ing] in expensive litigation over hypothetical points." (R. 15, Pls.' Mot. ¶ 7.) The Department of Labor, however, points out that admitting that it has documents from one individual, but not another, would reveal confidential sources. (R. 19, Def.'s Mem. in Opp'n to Pls.' Mot. at 5.) Additionally, Plaintiffs' arguments that the statute of limitations is set to expire on events documented in Department of Labor records that occurred in 2005 and that some records deal with investigations that have been formally closed, (R. 24, Pls.' Reply to Def.'s Mem. in Opp'n to Pls.' Mot. at 2-5), are irrelevant at this stage. The Department of Labor bears the burden of showing that the documents are related to an ongoing investigation, and whether the Department of Labor has met that burden will be determined after it has had an opportunity to justify its invocation of Exemption 7(A).

("Provision of the detail which a satisfactory *Vaughn* Index entails would itself probably breach the dike."); *Kacilauskas*, 565 F. Supp. at 549 ("[T]his Court sees no value–and potential harm–in compelling DOJ preparation of a *Vaughn* index. Its document-specific information would create the very risks Exemption 7(A) was intended to guard against.").

At this stage of the litigation, the Court finds that ordering the production of a *Vaughn* index is not appropriate. Instead, the Department of Labor must first be given an opportunity to justify its invocation of Exemption 7(A) at the summary judgment stage by showing that "with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings." *Solar Sources*, 142 F.3d at 1037 (internal quotation omitted). A *Vaughn* index will not be necessary if the Department of Labor can meet its burden through "sufficiently detailed affidavits or declarations." *See Bassiouni*, 248 F. Supp. 2d at 796.[11]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied. The Court orders the case set for a status hearing on October 19, 2010 at 9:45 a.m. to set a summary judgment briefing schedule.

Entered: _____
Judge Ruben Castillo
United States District Court

Dated: October 12, 2010

OCT 1 2 2010

---

[11] Additionally, the Court may inspect the documents *in camera* if the affidavits or declarations are insufficient.

10